UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NORTHERN INDIANA

**JUDY ANN LeVAN, Personal Representative for the Estate of JOHN F. LeVAN,**
Plaintiff,

v.                                                                 CASE NO.: 3:22-cv-33

**PENN CENTRAL CORPORATION a/k/a AMERICAN PREMIER UNDERWRITERS, INC.,**
   and
**CONSOLIDATED RAIL CORPORATION,**
   and
**NORFOLK SOUTHERN RAILWAY COMPANY,**
Defendants.

JURY TRIAL DEMANDED

## COMPLAINT

1. This suit is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2. Plaintiff, Judy Ann Levan, Personal Representative for the Estate of John F. LeVan, is an adult individual residing at 59551 M-40, Jones, MI 49061.

3. Defendant, Penn Central Corporation (Penn Central), a/k/a American Premier Underwriters, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for service of process is c/o C.T. Corporation Systems, 600 North 2nd Street, Suite 401, Harrisburg, PA 17101, and was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business in this District.

4. Defendant, Consolidated Rail Corporation, is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose address for service of process is

1717 Arch Street, Suite 1310, Philadelphia, PA  19101, and was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business in this District.

5. Defendant, Norfolk Southern Railway Company, is a corporation organized and existing under the laws of the Commonwealth of Virginia, whose address for service of process is Three Commercial Place, Norfolk, VA  23510, and was engaged in interstate commerce as a common carrier by rail, operating a line and system of railroads and transacting substantial business throughout this District.

6. Plaintiff 's Decedent was employed by Defendants from 1974 to 2009 as a carman, and the injuries and damages sustained by Plaintiff's Decedent, occurred while he was engaged in the course of his duties and in furtherance of interstate commerce and directly or closely and substantially affecting such commerce.

7. From 1974 to 2009, while working as a carman for Defendants in and around the Robert Young Yard in Elkhart, Indiana, Plaintiff's Decedent was exposed on a daily basis to excessive amounts of diesel exhaust/fumes, asbestos and second hand smoke.

8. From 1974 to 2009, while working as a carman for Defendants, Plaintiff's Decedent's exposures were cumulative and occurred throughout all locations where Plaintiff's Decedent was assigned to work on a daily basis during working hours.

9. At all times relevant hereto, the acts of omission and commission which caused the injuries to Plaintiff's Decedent were done by the Defendants, their agents, servants and/or employees acting in the course and the scope of their employment within and under the direct and exclusive control of the Defendants.

10. At all times relevant hereto, the property, tools, equipment, materials and/or operations involved in the injuries sustained by the Plaintiff's Decedent were owned and/or under the direct and exclusive control of the Defendants, their agents, servants and/or employees.

11. Plaintiff's Decedent's exposure to diesel exhaust/fumes, asbestos and second hand smoke, in whole or in part, caused or contributed to his development of colon cancer.

12. Plaintiff's Decedent's colon cancer and death were caused and/or contributed to, in whole or in part, by the negligence of Defendants in the following particulars:

(a) Failed to provide the Plaintiff's Decedent with a reasonably safe place to work as required by the FELA;

(b) Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's Decedent's exposure to diesel exhaust, asbestos and second hand smoke;

(c) Failed to test its diesel locomotives, facilities, equipment, yards, buildings, and right of ways for the presence of diesel exhaust, asbestos and second hand smoke;

(d) Failed to engage in follow up monitoring of its diesel locomotives, facilities, equipment, yards, building, and right of ways for the presence of diesel exhaust, asbestos and second hand smoke;

(e) Failed to properly remediate known toxic substances including diesel exhaust, asbestos and second hand smoke from its diesel locomotives, facilities, equipment, yards, building, and right of ways;

(f) Failed to periodically test employees such as the Plaintiff's Decedent for physical effects of exposure to diesel exhaust, asbestos and second hand smoke and failing to take appropriate action, including advising the Plaintiff's Decedent as to the test results;

  (g)  Failed to warn the Plaintiff's Decedent of the risk of contracting cancer as a result of exposure to diesel exhaust, asbestos and second hand smoke;

  (h)  Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's Decedent, to diesel exhaust, asbestos and second hand smoke;

  (i)  Failed to provide the Plaintiff's Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to diesel exhaust, asbestos and second hand smoke; and

  (j)  Failed to provide the Plaintiff's Decedent with protective equipment, including a timely and adequate respirator, designed to protect him from exposure to diesel exhaust, asbestos and second hand smoke.

13. Defendants' negligence, in whole or in part, caused and/or contributed to the development of Plaintiff's Decedent's colon cancer and death.

14. As a result of Defendants' negligence, Plaintiff's Decedent required medical treatment, medical care and incurred medical bills and medical expenses.

15. As a result of Defendants' negligence, Plaintiff's Decedent sustained pain and suffering, mental anguish and loss of enjoyment of life.

16. As a result of Defendants' negligence, Plaintiff's Decedent lost time from work, lost wages and loss of earning capacity.

17. As a result of Defendants' negligence, Plaintiff's Decedent, John F. LeVan, died on September 5, 2018.

18. Plaintiff, Judy Ann LeVan, Personal Representative for the Estate of John F. LeVan, seeks all damages recoverable under the FELA for wrongful death and/or survival actions.

19. Less than three years before this action was filed, Plaintiff discovered that John F. Levan's colon cancer was caused or contributed to by the negligence of the Defendants.

WHEREFORE, Plaintiff, Judy Ann LeVan, Personal Representative for the Estate of John F. LeVan., demands judgment against the Defendants, Penn Central Corporation a/k/a American Premier Underwriters, Inc., Consolidated Rail Corporation and Norfolk Southern Railway Company, individually, jointly and/or severally, for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000) and the costs of this action.

Dated: January 14, 2022                                       Respectfully Submitted,

/s/ Daniel H. Pfeifer
Daniel H. Pfeifer, (5720-71)
PFEIFER, MORGAN & STESIAK
53600 North Ironwood Drive
South Bend, IN 46635
Tel: (844) 678-1800
Email: dpfeifer@pilawyers.com

/s/Stephen F. Monroe
Stephen F. Monroe, IL#6305823 (*pro hac vice pending*)
MARC J. BERN & PARTNERS LLP
22 West Washington, Suite 1500
Chicago, IL 60602
Phone: (312) 894-7941
Fax:    (312) 873-4537
Email: smonroe@bernllp.com
*Attorneys for Plaintiff*